PERRY *v.* FOOD GIANT STORES, INC.

TRIAL—WITNESSES—FAILURE TO CALL.
  Claim of plaintiffs that error resulted when defendant did not
    call a witness crucial to plaintiffs' negligence action *held*,
    without merit, since the error is tactical and is plaintiffs'
    error and not the court's.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 May 7, 1969, at Detroit. (Docket Nos. 5,409, 5,410.) Decided August 25, 1969. Leave to appeal denied November 12, 1969. See 382 Mich 793.

Complaint by Ralph W. Perry against Food Giant Stores, Inc., a Michigan corporation, for loss of companionship and services of his wife, Edna M. Perry. Complaint by Edna M. Perry against Food Giant Stores, Inc., a Michigan corporation, for medical expenses, pain and suffering resulting from injuries incurred at defendant's store. Verdicts and judgments of no cause of action. Plaintiffs appeal. Affirmed.

*Clarence A. Bradford,* for plaintiffs.

*Alexander, Buchanan & Conklin (Floyd S. Westcott,* of counsel), for defendant.

Before: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 8.

PER CURIAM. Plaintiff Edna Perry was injured when she tripped and fell over a stock cart while shopping in defendant's market. From a jury verdict of no cause of action, plaintiff Edna Perry and her husband Ralph Perry appeal.

Plaintiffs' argument on appeal boils down to two issues: (1) that the trial judge erred in his instructions to the jury by advising the jury that in considering the extent of injuries and the allowable damages the jury was bound by what had actually been introduced through competent testimony and was available for the jury's consideration, and in reviewing what that evidence was; and (2) that the verdict was against the great weight of the evidence.

An examination of the briefs and records shows that Edna Perry failed to establish that she suffered permanent injuries to her back. It was not error for the trial judge to state this fact to the jury. *Scripps* v. *Reilly* (1878), 38 Mich 10.

Plaintiffs' attorney presented their case. Now, on appeal, they argue that defendant did not call a witness crucial to plaintiffs' case. If this be the case, the error is tactical and is plaintiffs', not the court's. The record is replete with such lapses on the part of plaintiffs' attorney.

The jury deliberated on the weight of that evidence properly before the court. The trial judge in his instructions correctly apprised the jury of their scope and duties in his charge to the jury. If error there be, it was not the court's.

Affirmed.